(Pleito No. 183.—Fallado el 31 de Marzo de 1902.)

## PASSALACQUA contra LA ADMINISTRACIÓN.

RECURSO contra sentencia dictada por la Corte de Distrito de San Juan.

RECURSO CONTENCIOSO-ADMINISTRATIVO. El recurso contra un acuerdo administrativo debe interponerse dentro de los tres meses de haberse tomado el acuerdo apelado. Contra las resoluciones discrecionales no cabe recurso legal.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á treinta y uno de Marzo de mil novecientos dos, en el recurso que en grado de apelación ante Nos pende, entre partes, de la una, Don Agustín Passalacqua, representado por el Letrado Don Rafael López Landrón, y de la otra, la Administración General, y en su nombre el Fiscal, sobre revocación de la sentencia dictada por el Tribunal del Distrito de San Juan, en diez y siete de Marzo del año mil novecientos uno, que literalmente copiado dice así: "En la Ciudad de San Juan de Puerto Rico, á diez y siete de Marzo de mil novecientos uno.—Visto ante el Tribunal de Distrito de San Juan el pleito contencioso-administrativo promovido por Don Agustín Passalacqua, propietario y vecino de Ponce, con la dirección del Abogado Don Rafael López Landrón, contra la administración del Gobierno Militar de los Estados Unidos de esta Isla, representada por el Ministerio fiscal y—Resultando: Que el Ayuntamiento de la Ciudad de Ponce durante el ejercicio económico de mil ochocientos noventa y seis á mil ochocientos noventa y siete sacó á pública subasta el arrendamiento del arbitrio municipal sobre descarga de artículos en el tinglado de la Playa de dicha Ciudad bajo las condiciones de que el impuesto sería de veinte y cinco centavos por cada tonelada métrica de peso bruto que descargare todo buque, entrare ó no en el tinglado, excluyéndose el hierro, carbón, madera, mercancía, ladrillo, lastre, azúcar, nieve de cabotaje y demás efectos de esta proce-

dencia, comprendiéndose en el hierro el alambre espigado para vallas, en maderas el "clapboard" ó sea tablillas para forros de casas y en mercancías diversas el calzado, las pieles y los cigarrillos. Si alguno de los efectos excluídos entrase en el tinglado pagaría en la forma expresada seis y cuarto centavos por cada tonelada métrica de peso, lo mismo que cualquier otro artículo que se depositare en el tinglado. Las diferencias que resultaran serían resueltas por la Autoridad gubernativa, sin perjuicio de ejercer el contratista acción contencioso-administrativa, no sometiéndose en ningún caso el contrato á juicio arbitrario. — Resultando : Que habiéndose presentado Don Luis Passalacqua como licitador del arrendamiento del arbitrio, aceptó en absoluto las anteriores condiciones y remató aquél, habiendo surgido al poco tiempo una diferencia entre el rematista y el Ayuntamiento sobre la interpretación del contrato, y no estando conforme el primero con la interpretación del expresado Ayuntamiento, recurrió en alzada administrativa ante el Gobierno General de la Isla quien por decreto de veinte y dos de Julio de mil ochocientos noventa y siete modificó la interpretación dada por el Ayuntamiento de Ponce y dió la razón al rematista Sr. Passalacqua.—Resultando : Que los comerciantes de Ponce, Fritze, Lundt y C.ª, Mayol Hermanos y C.ª, Ramón Cortada y C.ª y Carlos Armstrong, posteriormente se negaron á pagar por determinados artículos del impuesto, encontrando apoyo en el Ayuntamiento de la Ciudad, quien declaró que dichos señores no venían obligados á pagar por ciertos y determinados artículos del impuesto que según el pliego de condiciones estaban excluídos del pago, alzándose de esta nueva resolución el rematista Sr. Pasalacqua para ante la Secretaría de Gracia y Justicia y Gobernación, la cual volvió en contra del Ayuntamiento.—Resultando : Que por nuevas dificultades surgidas en el cumplimiento de la nueva resolución contraria al Ayuntamiento vino el hecho á conocerse por el Gobierno Militar de los Estados Unidos en esta Isla, quien, de conformidad con la Secretaría de Estado, dejó

sin efecto la anterior resolución de la Secretaría de Gracia y Justicia y Gobernación, decidiendo la firmeza de la interpretación dada por el Ayuntamiento de Ponce á su contrato con el rematista del arbitrio. Esa resolución del Gobierno Militar tiene fecha ocho de Mayo de mil ochocientos noventa y nueve y el acuerdo del Ayuntamiento de Ponce que fijó la interpretación del contrato de arriendo del arbitrio con el Sr. Passalacqua es de fecha veinte y cuatro de Enero de mil ochocientos noventa y ocho.—Resultando: Que contra la resolución del Gobierno Militar de ocho de Mayo de mil ochocientos noventa y nueve interpuso Don Agustín Passalacqua demanda contencioso-administrativa ante este Tribunal, fundándose en que dicha resolución lastimaba un derecho preexistente establecido á favor del rematista en el contrato que celebró oportunamente con el Ayuntamiento de Ponce, por lo que suplicaba fuese revocada, fijándose la verdadera interpretación de aquél. — Resultando: Que conferido traslado al Ministerio fiscal como representante de la Administración del Gobierno Militar, éste lo evacuó en quince de Julio último conformándose con los hechos de la demanda y oponiendo como excepción á ella que la resolución recurrida era consecuencia y manifestación del poder supremo y absoluto de que se encontraba investido el Comandante Militar del Departamento como se establecía en el párrafo 8º de la Orden General número 1º de diez y ocho de Octubre de mil ochocientos noventa y ocho, renunciando á proponer pruebas. — Resultando: Que el demandante renunció también á la práctica de la prueba que había propuesto en la demanda, señalándose desde luego día para la vista pública que se celebró ante este Tribunal con asistencia de las partes.—Resultando: Que en la tramitación de este pleito se han observado las prescripciones legales.— Siendo Ponente el Juez Asociado Don Felipe Cuchí Arnau y—Considerando: Que la cuestión planteada por el rematista Sr. Passalacqua se limita á un asunto de inteligencia é interpretación del contrato celebrado entre él y la Corpo-

ración municipal de la Ciudad de Ponce para el arrendamiento del arbitrio sobre descarga en el tinglado de la Playa de dicha Ciudad y es precepto terminante del artículo 28 del Real Decreto de cuatro de Enero de mil ochocientos ochenta y tres, vigente en esta Isla para los contratos municipales, que si bien la inteligencia é interpretación de los mismos corresponde á los Tribunales de Justicia contencioso-administrativos, el acuerdo de la Corporación contratante causará estado, por lo que es indudable que de dicho acuerdo deberá recurrirse al Tribunal contencioso-administrativo y no á la Autoridad jerárquica superior al Ayuntamiento interesado.—Considerando: Que del acuerdo Municipal de veinte y cuatro de Enero de mil ochocientos noventa y ocho, debió el Sr. Passalacqua recurrir ante este Tribunal contencioso-administrativo y no á la suprimida Secretaría de Gracia y Justicia y Gobernación, como lo hizo, extraviando así el procedimiento, pues dió lugar á que transcurriera con exceso el término hábil de tres meses que la ley concede para recurrir en vía contenciosa contra los acuerdos de las corporaciones administrativas, por lo que no es hoy competente este Tribunal para resolver la demanda interpuesta, y así se establece no sólo en el artículo 6? de la ley de lo contencioso-administrativo, si que también en los autos del Tribunal central de lo contencioso, de diez y siete de Noviembre de mil ochocientos noventa y uno, veinte y seis y treinta de Enero y once de Mayo de mil ochocientos noventa y dos, veinte de Abril y cinco de Mayo de mil ochocientos noventa y tres.—Considerando: Que no es obstáculo para entender que han transcurrido con exceso los tres meses que la ley concede, el hecho de haberse interpuesto alzada en tiempo oportuno ante la suprimida Secretaría de Gracia y Justicia y Gobernación, porque así lo determina el mismo Tribunal central de lo contencioso en numerosas sentencias, y entre ellas en las de seis de Marzo y treinta y uno de Mayo de mil ochocientos noventa y cuatro, debiéndose en su consecuencia declarar incompetente este Tribunal

por haber transcurrido con exceso el plazo de comparecencia ante ella.—Considerando : En cuanto á la excepción también de incompetencia, alegada por el Ministerio fiscal que al declararse supremo y absoluto el Gobierno Militar de los Estados Unidos en esta Isla, dejó en suspenso todas las disposiciones regladas á que hubiera podido sujetarse el Gobierno español, por lo que es asimismo indudable que cuando ejerció su Autoridad, lo hizo discrecionalmente y tal carácter tiene su resolución, indebidamente recurrida, de ocho de Marzo de mil ochocientos noventa y nueve, y es también jurisprudencia y precepto de ley de lo contencioso-administrativo que contra las resoluciones discrecionales no cabe recurso legal, por lo que es lógico que también debe declararse incompetente este Tribunal para conocer de la demanda del Sr. Passalacqua.—Considerando : Que las costas de un procedimiento son de cargo del demandante temerario y el Sr. Passalacqua ha demostrado temeridad al recurrir contra una resolución ante un Tribunal que es incompetente para conocer de ella.—Vistos el Real Decreto de cuatro de Enero de mil ochocientos ochenta y tres, el artículo 6? de la ley y sus concordantes del reglamento para lo contencioso-administrativo y la jurisprudencia citada en los anteriores considerandos.—Fallamos : Que debemos declarar y declaramos que este Tribunal de Distrito es incompetente para conocer de la demanda contencioso-administrativa interpuesta por Don Agustín Passalacqua contra la resolución del Gobierno Militar de esta Isla, de ocho de Mayo de mil ochocientos noventa y nueve, absolviéndose por tanto de ella á la Administración, con las costas al demandante.—Así lo pronunciamos, mandamos y firmamos.—Juan R. Ramos.—Angel Acosta.—Felipe Cuchí."—Resultando : Que la representación de Don Agustín Passalacqua presentó contra la anterior sentencia recurso de apelación que fué admitido para ante este Tribunal Supremo, con citación y emplazamiento de las partes, lo que tuvo lugar en veinte y tres y treinta de Agosto de mil nove-

cientos uno.—Resultando: Que elevadas á este Tribunal las actuaciones de primera instancia, compareció Passalacqua á sostener el recurso, y teniéndosele por comparecido, se mandó formar la correspondiente nota contra la que nada se alegó, se señaló día para la vista que tuvo lugar el día diez y ocho del corriente, con informe del apelante y del Fiscal, declarándose el pleito visto y concluso para sentencia.—Vistos: Siendo Ponente el Juez Asociado Don Louis Sulzbacher.—Aceptando los fundamentos de hecho y el 1º, 2º, 3º y 5º de derecho de la sentencia apelada.—Fallamos: Que debemos confirmar y confirmamos la sentencia dictada por el Tribunal de Distrito de San Juan, en diez y siete de Marzo del año próximo pasado, con las costas al apelante.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario, en Puerto Rico á treinta y uno de Marzo de mil novecientos dos.—E. de J. López Gaztambide, *Secretario*.